## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN GARCIA HERNANDEZ<br><br>PLAINTIFF<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP COLLECTION AGENCY DIVISION, VERÓNICA ROMERO, JOHN DOE, JOSEPH LOE, RICHARD ROE AND INSURANCE COMPANIES X, Y and Z<br><br>DEFENDANTS | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692.

2.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4.    Plaintiff Carmen García Hernández is a natural person who resides in the City of San Germán, Puerto Rico, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant GC Services Limited Partnership (hereinafter "GC Services") is a corporation and a collection agency operating from an address of 6330 Gulfton, Houston, TX, 77081; and PO Box 32500 Columbus, OH 43232-0500; and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a third-party servicer of defaulted student loans who is

-1-

required to comply with the provisions of the Family Federal Educational Loan Program (FFEL), 34 C.F.R. § 682 et seq., in the course of its student loan collection activities.

6.     Defendant John Doe is a natural person employed by Defendant GC Services as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.     Co-defendants, JOSEPH LOE and/or RICHARD ROE, are fictitious names for unknown persons and/or unknown entities that participated in acts against **PLAINTIFF**, and are responsible for the damages and acts alleged in this Complaint.

8.     INSURANCE COMPANIES X, Y and/OR Z, Hereinafter INSURANCE COMPANIES X, Y and/OR Z, are the insurance companies of the defendants who committed and/or participated in acts against **PLAINTIFF** and are responsible for the damages and acts alleged in this complaint.

## FACTUAL ALLEGATIONS

9.     On or around April 2011, Plaintiff Carmen García Hernández began negotiations with GC Services Limited Partnership, in order to commence a payment plan related to Student Loans obtained on or around the following dates: 1998; 2001; 2002; 2004; 2006, later consolidated by American Education Services (AES), and identified by Num. XXXXXX901.

10.    Sometime in or around 2011, Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

11.    This debt is identified by GC Services account number 26066, for the amount of $53,468.73, as of November 9, 2011 Collection Notice.

12.   Defendant, through its representatives, called Plaintiff at work and at home, stating that they were calling from Defendant GC Services and wanted to set up payment arrangements for Plaintiff's defaulted student loans.

13.   Plaintiff informed Defendant that she wanted to reach a payment plan agreement. Defendant insisted that she had to make payments through a bank account, but Plaintiff did not owned one at that moment. Therefore, after several negotiations, Defendants agreed to receive payments through money orders.

14.   Then, Plaintiff opened a bank account to make payments by check. This account was closed when the nine month period agreement was finished.

15.   Later, Plaintiff Carmen Garcia Hernández continued to receive calls by Defendant, stating that she had not completed the payment agreement, and indicating that full salary garnishment was going to commence immediately, if she did not make further payment. Therefore, Plaintiff begins, again, negotiations for payment plan.

16.   Even though during negotiations Defendant's representative was very rude, Plaintiff provided all the requested information, and opened a new bank account in order to allow withdrawals from Plaintiff's account.

17.   By September 2011, Plaintiff had opened a Bank Account with First Bank of Puerto Rico, and started again a payment plan with GC Services.

18.   On September 30th, 2011, Plaintiff drafted her first payment plan check, Num. 0100, from First Bank account with number ending on 3306.

19.   GC Services cashed the check on October 05, 2011.

20.   Moreover, even though GC Services was authorized to withdraw the next payments from Plaintiff's account, the withdrawals were not made.

21.  Plaintiff called GC Services in order to alert Defendant that the withdrawal had not yet been made.

22.  Notwithstanding the good faith efforts to comply with the payment plan, during the time of negotiations, Defendants harassed Plaintiff constantly, with every-hour calls, work calls, and menaces about full salary garnishment and the possibility of losing her license as a teacher, due to the arrears.

23.  During October and until November 16th, 2011, Defendant GC Services made harassing calls (approximately 3 calls daily). Every call during this period contained one or more of the following:

   a.  Menaces about full salary garnishment (100%) if the debt was not paid;

   b.  Menaces about removing Plaintiff's teacher license if the debt was not paid;

   c.  Menaces about making her lose her job if the debt was not paid;

   d.  Insults and hostile treatment to Plantiff;

   e.  Calls to third parties to claim payment of Plaintiff's debt, including co-workers, friends and family;

   f.  Allegations that Plaintiff was conspiring with others to avoid payment of her debt.

   g.  Mocking and laughs as a reaction when Plaintiff tried to explain the situation, including when Plaintiff tried to communicate the effects of these calls on her mental health. Her condition was informed before to Defendants by Plaintiff's co-workers (School personnel), who witnessed an anxiety attack of Plaintiff related to Defendant's humiliating collection actions in her workplace, which required immediate medical attention;

24. The GC Services representative which executed the majority of these communications identified herself as Verónica Romero.

25. As a result of these calls, Plaintiff had anxiety attacks and receives mental health related treatment.

26. Defendant GC Services sent Plaintiff a letter dated November 9, 2011, indicating that a check was unhonored by the bank, even when she had authorized withdrawals form the account. As discussed further, the bank concluded that the reason for the check to be rejected was because GC Services included the wrong account number in the process, even though they had cashed the first check from the same account.

27. On November 2011, Defendant, through its representative Veronica Romero, requested a conference call with First Bank personnel, to request and discuss the reasons for the inability to make the withdrawals from Plaintiff's account.

28. On or about November 16th, 2011, Plaintiff visited First Bank at Mayaguez Mall, in order to make the conference call requested by Defendant GC Services, with bank personnel. The conference call included a bank representative from First Bank, Central Division. Plaintiff attempted the call in several occasions, and finally got through with Ms. Veronica Romero, GC Services representative.

29. The conference call was characterized by Ms. Romero screaming and harassing Plaintiff, mischievous and disrespectful language to Plaintiff, as well as to the bank's representative, menaces to Plaintiff, allegations of false information by Plaintiff and the bank's representative, and insinuations that Plaintiff and bank's personnel were conspiring to lie about the account situation.

30. The only apparent error with the withdrawal was that GS Services was attempting the withdrawals with a number that was not Plaintiffs account, and even when Creditor was instructed about said issue, GC Services, through its representative Ms. Veronica Romero, denied it and continued accusing Plaintiff and bank representatives of a "conspiracy" to avoid payments.

31. That same day, Defendant requested a payment and gave Plaintiff a period of 60 minutes to make a payment through Western Union, or else they were going to garnish her full salary.

32. The conference call, again, leaded to no solution of the situation.

33. The conference call caused Plaintiff a nervous breakdown that was witnessed by bank personnel, clients and Plaintiff's acquaintance.

34. Plaintiff felt humiliation and great distress, related to GC Services menaces and accusations.

35. After said incident she received another call from Ms. Romero, and again she menace Plaintiff with full salary garnishment.

36. In that call, on November 16th 2011, Plaintiff expressed to Ms. Veronica Romero that she was going to consult a lawyer for bankruptcy, in order to stop those collection efforts by GC Services. That was the last call received from GC Services, at or around 5:00 p.m.

37. Plaintiff filed for Bankruptcy on December 30th, 2011. Case number 11-11197.

38. Before the filing of the Bankruptcy Petition, Defendants never garnished any of plaintiff's salaries, and after informing that she was consulting an attorney on November 16, 2011, she received no further calls.

39. Plaintiff has continued treatment for the nervous breakdowns and emotional distress related to the harassing and menacing calls and acts performed by GC Services.

40.    The acts performed by GC Services caused Plaintiff problems with her work as a teacher, and resulted in loss of work time and other expenses related.

## TRIAL BY JURY

41.    Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    This Honorable Court has established that "the FDCPA imposed strict liability on the conduct of debt collectors so as to eliminate debt collection practices that entailed threats and repeated telephone calls to harass consumers, or any false, deceptive, or misleading representations, or other means in connection with the collection of any debt." **Báez Martínez v. PMS**, CIVIL NO. 95-1409

44.    The abovementioned acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

45.    Moreover, in this case, Defendants not only willfully violated the FDCPA repeatedly, but also caused and/or aggravated Plaintiff serious emotional distress, shame, nervousness, stress and other mental conditions that are still being treated.

46.    In fact, the acts perpetrated by Defendants were the primary cause for Plaintiff to seek relief in the Bankruptcy Court.

47.    A claim under the FDCPA, must show that the money or property being collected qualifies as a "debt." 15 U.S.C. § 1692a(5). Also, the collecting entity must qualify as a "debt collector." 15 U.S.C. § 1692a(6). Finally, a plaintiff must show that the debt collector violated a provision of the FDCPA, 15 U.S.C. §§ 1692 *et seq.* The present case meets all of the requirements established by the Federal Courts and therefore the present Claim must be granted.

## FIRST CAUSE OF ACTION

48.    As a result of each and every telephone call to Plaintiff herself or through third parties, from October 3, 2011 until November 16, 2011, in violation of the FDCPA, from each and every Defendant herein, Plaintiff is entitled to:

A)  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B)  Statutory damages in an amount up to $1,000.00 for each violation, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C)  Punitive damages, and;

D)  Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION

49.    As a result of the violations of the FDCPA at the conference call at First Bank, Mayaguez Mall, held with Defendant's representative Verónica Romero on November 16, 2011, and witnessed by third parties, Plaintiff is entitled to:

A)  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B)  Statutory damages in an amount up to $1,000.00 for each violation, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C)  Punitive damages, and;

D) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## THIRD CAUSE OF ACTION

50.     As a result of these violations to the FDCPA, Plaintiff suffered emotional distress, stress, nervous attacks, and other conditions that required and still require medical attention. Therefore, Plaintiff is entitled to reimbursements of any cost, fees, and expenses related to treat her medical condition.

## FOURTH CAUSE OF ACTION

51.     As a result of these violations to the FDCPA, Plaintiff suffered problems with her work as a teacher, and resulted in loss of work time and other expenses related. Therefore, Plaintiff is entitled to reimbursements of any cost, fees, and expenses related to her loss of work time.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant as follows:

- Award PLAINTIFF actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant, for an amount no less than **$100,000.00** ;

- Award PLAINTIFF punitive damages against each and every Defendant, for an amount no less than **$100,000.00** ;

- Award PLAINTIFF statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A) **for each violation** against each and every Defendant;

- Award PLAINTIFF costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

- Award PLAINTIFF costs, fees and other expenses for the treatment of her medical conditions against each and every Defendant;

- Award PLAINTIFF costs, fees and other expenses related to the days lost at work, against each and every Defendant;

- Award PLAINTIFF for such other and further relief as may be just and proper.


**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of October, 2012.


**/S/ PEDRO VALCÁRCEL BAUZÁ, ESQ.**
**USDC No. 229003**
Valcárcel Bauzá & Pérez Polanco CRL
Edificio Val Harbor, Suite 204
Ave. Gonzalez Clemente #445
Mayagüez, PR 00682
Tel. 787-213-0555
Fax. 787-265-0555
Email: filingvp2@gmail.com

**/S/ AILEEN PÉREZ POLANCO, ESQ.**
**USDC No. 227602**
Valcárcel Bauzá & Pérez Polanco CRL
Edificio Val Harbor, Suite 204
Ave. Gonzalez Clemente #445
Mayagüez, PR 00682
Tel. 787-213-0555
Fax. 787-265-0555
Email: filingvp2@gmail.com